[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The respondent was presented to the Court under a presentment for attorney misconduct which alleged that he had violated Rules 1.15 and 8.41 of the Rules of Professional Conduct in the management of his client trust account, and that he violated Rule 8.12 by failing to comply with the subpoena of the Statewide Grievance Committee, either when first requested or at any time including up to the time of the presentment to the court.
The following facts are stipulated to by the parties:
 1. James A. McGee, Jr., (hereinafter, "Respondent") Juris #100788 was duly admitted as a member of the bar of the State of Connecticut on May 19, 1980. CT Page 11386
 2. Phyllis A. Stevenson was Administratrix of the Estate of Genevieve T. Mason (hereinafter the "Estate").
 3. On September 23, 1997, the Respondent deposited to his New Haven Savings Bank clients' fund account #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 (hereinafter, "clients' funds account") $52,173.94 that he received from the Estate.
 4. No checks written to disburse the Estate's funds were presented against his clients' funds account during the month of September, 1997.
 5. As of September 30, 1997, the balance on deposit in that account, according to the bank statement, was $49,259.25, which is $2,914.69 less than the amount of the Estate's funds deposited seven days prior.
 6. In October, 1997 three checks payable to the Respondent totaling $8,000.00, which were written to disburse the Estate's funds were presented and paid from Respondent's clients' funds account.
 7. As of November 28, 1997, the $8,000.00 had not been reimbursed to the Respondent's clients' funds account.
 8. As of October 31, 1997, there was recorded in the Respondent's clients' funds ledger $2,200.00 of another clients' funds, in addition to the $44,173.94 of the Estate's funds.
 9. As of October 31, 1997, the balance on deposit in the account, according to the bank statement, was $39,931.83, which is $6,442.11 less than the total amount of all Respondent's clients' funds recorded on his clients' funds ledger.
 10. As of November 30, 1997, there was recorded in the Respondent's clients' funds leger $14,350.00 of three other clients funds.
 11. As of November 28, 1997, the balance on deposit in that account, according to the bank statement, was $52,081.83, which is $6,442.11 less than the total amount of all Respondent's clients' funds. CT Page 11387
 12. By a Statewide Grievance Committee subpoena dated January 26, 1999 in connection with a February 11, 1999 hearing concerning grievance complaint #98-0151, Stevenson v. McGee, the Respondent was commanded to bring and produce at the hearing his clients' funds account records maintained pursuant to Practice Book § 2-27 for the period of September, 1997 through August, 1998.
 13. At the hearing on February 11, 1999, the Respondent provided only records for September, October and November, 1997.
 14. Although the grievance complaint record was left open for the Respondent to comply with the subpoena, the Respondent did not provide any additional records prior to the presentment.
Essentially then, there is no dispute as to what happened, and the Respondent on his behalf offers only an explanation of the events. The Respondent has been a member of the bar of the State of Connecticut for over 20 years. He is a former Judge of Probate in the town of Westbrook. His explanation for his failure to redeposit moneys allegedly withdrawn to make payment to attorneys for work on an estate defies credibility, given the amounts of time involved. His explanation for further discrepancies in his trust account reveal only repeated instances of using the trust account to pay bills on behalf of one client out of the funds on deposit from others, and then periodically reimbursing the account.
The Respondent was neither forthcoming nor convincing on the stand. He urges the court to find a technical violation and to attribute his actions to poor judgment. He offers no explanation for his failure to, even at the time of presentment to the court, comply with the subpoena issued by the Grievance Committee. As the commentary to Rule 8.4 points out, a pattern of repeated offenses, even if ones of minor significance when considered separately can indicate indifference to legal obligation. Here the Respondent, on at least three occasions, maintained a trust account substantially short of the money it should have contained. As explanation, the Respondent describes further disregard of his fiduciary responsibility. Coupled with the failure to produce mandated records of accounts, the actions of the Respondent persuaded the court, by clear and convincing evidence, that the Respondent has acted knowingly and with dishonesty and/or with deceit in the management of his trust account. CT Page 11388
The court views the mishandling of the client funds as very serious, striking at the attorney's legal obligations as a counselor and a fiduciary, and the failure to either keep or produce records, makes a bad situation worse.
The court therefore orders the Respondent suspended from the practice of law for a period of three years. In addition the court orders that this record remain open, and that an audit of the Respondents books be conducted by a C.P.A., and that the Respondent be subject to further suspension time or disbarment. In addition, before the Respondent may be reinstated, he shall provide the subpoenaed records previously requested and complete courses in legal ethics and basic accounting.
GORDON, J.